## THE AMERICAN CARD COMPANY, INCORPORATED *vs.* THE H. M. H. Co.

### DECEMBER 9, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J.   This is a partnership creditors' claim for priority as a valid security interest under the uniform commercial code, G. L. 1956, Title 6A.   The claim was duly filed in the above-entitled equity receivership proceeding and upon consideration the receivers recommended disallowance as a secured claim but allowed it as a general claim. After a hearing thereon in the superior court, a decree adopting the recommendation of the receivers was entered and from that decree the claimants have appealed to this court.

The sole question for our determination is whether the superior court erred in holding that §6A-9-203 (1) (b) of the code requires in a case of this kind a written security agreement between the debtor and the secured party before a prior security interest in any collateral can attach.   The claimants, Oscar A. Hillman & Sons, a co-partnership, contend that a separate agreement in writing is not necessary if the written financing statement which was filed contains the debtor's signature and a description of the collateral. In support of that position they point out that G. L. 1956, §6A-9-402, recognizes that a security agreement and a financing statement can be one and the same document. They further argue that "under the unique circumstances that exist in this case" the minimum requirements of §6A-9-203 are satisfied by the agreed statement of facts and by exhibits A, B, and C appended thereto.

Those circumstances may be summarized as follows.   On February 21, 1962 the debtor corporation executed a promissory note in the sum of $12,373.33 payable to claimants. On March 14, 1962 the corporation as debtor and claimants as secured parties signed a financing statement form provided by the office of the secretary of state and filed it

in that office in accordance with the provisions of the uniform commercial code, G. L. 1956, §6A-9-402.

On July 2, 1962 Melvin A. Chernick and George F. Treanor were appointed co-receivers of the debtor corporation. On October 6, 1962 claimants duly filed their proof of debt and asserted therein a security interest against certain tools and dies of the debtor which were mentioned in the financing statement as collateral. Finally, there is in addition to the agreed statement of facts testimony of claimants' agent who attempted to collect the debt. He testified that the treasurer of the debtor corporation admitted the inability of the debtor to pay the debt and agreed to the execution of the promissory note and to the designation of the tools and dies as collateral security therefor.

The claimants argue that the code requires no " 'magic words', no precise, formalistic language which must be put in writing in order for a security interest to be enforceable." And they further argue that "the definition of a security agreement indicates, the question of whether or not a security interest is 'created or provided for' is a question of fact which must be decided upon the basis of the words and deeds of the parties." They rely on the definition of "agreement" in §6A-9-105 (1) (h) for support of this latter contention.

Upon consideration of those provisions of the code, we are of the opinion that they are not decisive of the special problem posed in the instant case. The receivers contend here, as they did successfully before the superior court, that the controlling section of the code is, in the circumstances, §6A-9-203 (1) (b) and that in order to establish a security interest in any collateral the secured party must show that "the debtor has signed a security agreement which contains a description of the collateral * * *." They concede that such a signed agreement may serve as a financing statement if it also contains the requirements thereof, but

they deny that a financing statement, absent an agreement therein, can be treated as the equivalent of a security agreement.

The pertinent language of §6A-9-402 in this regard is, "A copy of the security agreement is sufficient as a financing statement if it contains the above information and is signed by both parties." In other words, while it is possible for a financing statement and a security agreement to be one and the same document as argued by claimants, it is not possible for a financing statement which does not contain the debtor's grant of a security interest to serve as a security agreement.

In our opinion there is merit in the receivers' contention, and since the financing statement filed here contains no such grant it does not qualify as a security agreement. One of the prerequisites to the perfection of a security interest is stated in Bankers Manual on the Uniform Commercial Code, §8.6, at page 123, as follows: *"Security Agreement. It is equally obvious that there must be an agreement between the parties as to the security interest."* And in that manual, although it is further stated that no special form of agreement is prescribed so long as it contains essential requirements, a form of security agreement is set out in the appendix and numbered Form 1. And as to the requirement of filing, it is stated in §8.7 of the manual, at page 125, "The parties can file either a financing statement signed by both the secured party and the debtor which gives the information required by 9-402 * * * or file a copy of the security agreement itself if the latter is signed by both parties and contains the extra information required by 9-402 to be put in the separate financing statement."

In an article by one of the editors of the manual in 42 B.U.L. Rev. 187, entitled "Accounts Receivable Financing: Transition from Variety to Uniform Commercial Code," it is stated at page 189: "The financing statement does not

of itself create a security interest. An agreement in writing signed by the debtor 'which contains a description of the collateral' is required." In the absence of any judicial precedent this commentary on the code is worthy of consideration in the solution of the question here.

The financing statement which the claimants filed clearly fails to qualify also as a security agreement because nowhere in the form is there any evidence of an agreement by the debtor to grant claimants a security interest. As for the testimony of the claimants' agent upon which they also rely to prove the intention of the debtor to make such a grant, our answer is that his testimony is without probative force to supply the absence of a required security agreement in writing. Therefore the trial justice did not err in holding as she did that the financing statement and the evidence before her did not prove the existence of a security agreement within the contemplation of the language of the statute.

The claimants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Winograd, Winograd & Marcus, Allan M. Shine,* for claimants.

*Melvin A. Chernick, George F. Treanor,* permanent receivers, pro se.