CENTRAL ARK. MILK PRODUCERS ASSOCIATION *v.* ARNOLD.

5-3623 394 S. W. 2d 126

Opinion delivered October 11, 1965.

*Thompson & Thompson, Smith, Williams, Friday & Bowen,* By: *Frank Warden, Jr.,* for appellant.

*Robinson & Rogers, N. D. Edwards,* for appellee.

SAM ROBINSON, Associate Justice. This is an action of replevin which resulted in a judgment for defendants.

On the 17th day of July, 1964, appellant, Central Arkansas Milk Producers Association, filed a complaint in the Crawford Circuit Court naming as defendants Dale Arnold, Homer Minnick, Gladys Minnick, and Federal Land Bank. Plaintiff sought to replevy a 500 gallon vacuum tank. There was a judgment for the defendants, and the milk company has appealed.

The complaint alleges that on January 15, 1961, the plaintiff sold to defendant Homer Minnick, a 500 gallon vacuum tank, retaining title thereto, and the defendant gave his promissory note in the sum of $2,934.56, bearing interest at the rate of 7%, and payable $60.12 per month. The complaint further alleges that Minnick entered into a security agreement and financing statement to secure the debt; that the financing statement was filed for record on July 19, 1962, and that the defendant, Dale Arnold, had notice of the balance due on the obligation of $1,771.08; that Dale Arnold is in possession of the property, and that the Federal Land Bank owns a real estate mortgage on the real estate upon which the property is located.

Exhibit "A" to the complaint is a promissory note dated January, 1961, signed only by Homer Minnick. Exhibit "B" to the complaint is a financing statement signed by Homer Minnick and filed for record July 19, 1962. In the financing statement it is stated that it covers a 500 gallon vacuum tank. Plaintiff also filed an affidavit and bond to replevy the tank. The Federal Land Bank disclaimed any interest in the subject matter and was dismissed from the case. Service was had on the Minnicks by warning order, but they failed to appear, and no pleading was filed in their behalf.

Dale Arnold filed a general denial. Jimmy Miller and Cecil Miller filed an intervention in which they allege that prior to the filing of this litigation they purchased the real estate on which the vacuum tank was located; that at the time of such purchase they had no notice, actual or constructive, that the plaintiff claimed any interest in the tank.

In this state of the record the cause came on for trial. Plaintiff attempted to introduce a promissory note dated *August 31, 1960* and a conditional sales contract dated *November 29, 1960,* showing that the milk company sold the 500 gallon vacuum tank to one *Wilford Arnold* under a title retaining contract. The court would not permit the Wilford Arnold note and contract to be introduced in evidence. The court was correct in this holding. There is nothing to indicate that such documents were in any way relevant or material to the issues raised by the pleadings. No suit had been filed on the Wilford Arnold contract and note, Wilford Arnold is not a party to this litigation. There is no allegation that the Wilford Arnold contract and note had been assigned to any party to this litigation. No title is retained; the Minnick promissory note dated January, 1961, is not sufficient to support the action of replevin.

Even if it can be said that the Uniform Commercial Code, which went into effect January 1, 1962, is applicable, appellants' position would not be improved, because the financing statement which was filed merely gave notice of the security agreement, and here the instrument relied on a security agreement is simply a promissory note, nothing more. It does not purport to retain title or to create a lien.

Affirmed.