MID-EASTERN ELECTRONICS, INC., a New Jersey Corporation, Appellee,

v.

FIRST NATIONAL BANK OF SOUTH ERN MARYLAND, garnishee, Appellant.

No. 11081.

United States Court of Appeals Fourth Circuit.

Argued April 5, 1967.

Decided June 1, 1967.

Cary M. Euwer, Upper Marlboro, Md. (Mitchell, Clagett & Euwer, Upper Marlboro, Md., on brief), for appellant.

Richard M. Millman, Washington, D. C. (Sondra Linden Millman, Bethesda, Md., on brief), for appellee.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

A security interest under the Maryland Uniform Commercial Code [1] in personal property of its debtor, with lien primacy therefor, was denied the appellant, First National Bank of Southern Maryland, by the District Court. Instead, priority of lien was accorded Mid-Eastern Electronics, Inc., appellee, under an attachment upon its judgment against this debtor. We uphold the decision.

This judgment was obtained in the District Court by Mid-Eastern (ME) against the debtor, Continental Electronics, Inc. for the sum of $30,763.32 on July 14, 1965. In seeking to collect it, ME levied upon the chattel assets, including inventory and equipment, of the judgment debtor and a garnishment was also served upon the Bank. The debtor did not answer, but on January 28, 1966 the garnishee pleaded nulla bona. It later appeared that the Bank was asserting a security interest in the debtor's personalty for the payment of certain notes it held of the debtor. Reliance for its claim as a secured party was placed upon a financing statement filed pursuant to the UCC, § 9–302, with the appropriate State office.

By stipulation of the contending parties, the inventory and equipment were

---

1. Md.Code Art. 95B.

to be sold by the Bank under a sale it had negotiated at a price of $12,000.00. The stipulation further provided that the proceeds should be substituted for the physical property, the respective claims fastening to the money just as they attached to the property. After the sale ME moved for condemnation of the proceeds towards satisfaction of its judgment. At that time it was represented that the Bank realized only $4,500.00 from the disposal.

This amount was condemned in favor of ME on the ground that no security interest had been established by the Bank. Assuming arguendo that the financing agreement met the requisites of the UCC § 9–402, it alone did not create a security interest. It was but notice that one was claimed, a single step in the means by which the rights and priorities of a secured party are "perfected".

We begin with § 9–204(1) of the Code, which provides:

"(1) A security interest cannot attach until there is agreement * * * that it attach and value is given and the debtor has rights in the collateral. It attaches as soon as all of the events in the preceding sentence have taken place unless explicit agreement postpones the time of attaching."

 A security interest, additionally, is unenforceable unless, under the Code's statute of frauds, the "debtor has signed a security agreement which contains a description of the collateral * * *." § 9–203(1) (b). Under the UCC, " 'Collateral' means the property subject to a security interest, and includes accounts, contract rights and chattel paper which have been sold * * *." § 9–105(1) (c). " 'Agreement' means the bargain of the parties in fact. * * *" § 1–201(3) (Accent added). As the appellant can proffer no writing signed by the debtor giving, even sketchily, the terms of the security agreement it is unenforceable. So found the District Judge and we affirm.

By motion filed with this court April 3, 1967, appellee seeks remand to the District Court for further hearing on the assertion that the Bank concealed additional assets of the judgment debtor and so misled the District Court to pass only upon the $4,500 proceeds of the stipulated sale. As the motion demands additional exploration, our affimance of the condemnation of the $4,500 is supplemented with leave to the appellee to pursue further proceedings in this action in the District Court.

Affirmed and remanded.