CRETE STATE BANK, CRETE, NEBRASKA, A CORPORATION, APPELLANT, V. LAUHOFF GRAIN COMPANY, AN ILLINOIS CORPORATION, ET AL., APPELLEES.

239 N. W. 2d 789

Filed March 18, 1976. No. 40244.

Dredla & Dredla and Charles M. Palleson, Jr., of Cline, Williams, Wright, Johnson & Oldfather, for appellant.

Gerald J. Hallstead, for appellee Lauhoff Grain Co.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee State.

Daniel E. Wherry, for appellee United States of America.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

Norman Hellbusch entered into contracts with Crete Mills on April 14, June 16, October 9, and November 4, 1971. There remains due on these contracts $3,653.69 which sum is claimed by plaintiff and by the State of Nebraska.

Plaintiff holds the promissory note of Norman Hellbusch on which is due $16,780.13. The note is dated August 2, 1971. The State of Nebraska has filed tax liens on which is due the principal sum of $4,164.64 on February 23, 1972, and May 8, 1972. Judgment was entered for the State of Nebraska and plaintiff has appealed. We affirm the judgment of the District Court.

Plaintiff claims it had a perfected security interest in the Crete Mills' contracts to secure indebtedness due the bank. On April 6, 1970, it filed a financing statement covering "all contracts." A second financing state-

ment was filed on July 28, 1971, covering "All of our contracts and accounts receivable presently owned or hereafter acquired" and proceeds. The statements were signed by both parties. Neither statement specifies any amount. They are short form financing statements which do not themselves purport to create security interests.

Section 9-204, U.C.C., provides that a security interest cannot attach until the debtor has rights in the collateral, or in a contract right until the contract has been made, but "a security agreement may provide that collateral, whenever acquired, shall secure all obligations covered by the security agreement." Section 9-105 (h), U.C.C., states that a security agreement means an agreement which creates or provides for a security interest. Section 9-106, U.C.C., defines a contract right as any right to payment under a contract not yet earned by performance.

There had been dealings between the debtor and plaintiff over a considerable period. Earlier contracts had been assigned to plaintiff and financing statements filed. These earlier contracts had been completed and the proceeds paid to plaintiff. Thereafter debtor entered into four other contracts with Crete Mills. These contracts were fully performed by the debtor and the balance due on them is the subject of this suit. These later contracts were not assigned to plaintiff nor was a separate security agreement entered into in regard to them. Plaintiff simply filed the financing statements of April 6, 1970, and July 28, 1971. The root question appears to be whether the financing statements were sufficient to constitute security agreements required by section 9-203, U.C.C. That section provides that a security interest in collateral not in the possession of the secured party is not enforceable unless the debtor has signed a security agreement containing a description of the collateral. Section 9-402, U.C.C., provides that a security agreement will suffice as a financing statement if it meets the re-

quirements for a financing statement. It is evident that one instrument may qualify for both purposes and it follows that a financing statement may also constitute a security agreement if it qualifies as such.

Here we have only a promissory note in standard form and the financing statements. There is no other instrument involved. The cases appear to be unanimous in the requirement that to constitute a security agreement there must be a written instrument, signed by the debtor, evidencing that such an agreement existed. There is some variation as to the nature of such instruments. In American Card Co. v. H.M.H. Co., 97 R. I. 59, 196 A. 2d 150, the Rhode Island court held: "The financing statement which the claimants filed clearly fails to qualify also as a security agreement because nowhere in the form is there any evidence of an agreement by the debtor to grant claimants a security interest." See, also, Scott v. Stocker, 380 F. 2d 123 (10th Cir., 1967).

In Mid-Eastern Electronics, Inc. v. First Nat. Bank of So. Md., 380 F. 2d 355 (4th Cir., 1967), it was held that a: "Bank which asserted security interest in debtor's personalty for payment of certain notes and which had filed financing statement but which could proffer no writing signed by debtor giving terms of security agreement obtained no enforceable security interest * * *."

In Shelton v. Erwin, 472 F. 2d 1118 (8th Cir., 1973), it was held: "A 'security agreement' within the Uniform Commercial Code must contain some language actually conveying a security interest. * * * Title application and subsequent certificate of title showing seller of automobile as lien holder were at best financing statements and, as such, were sufficient to perfect a security interest if one existed, but not to create one." See, also, Mitchell v. Shepherd Mall State Bank, 458 F. 2d 700 (10th Cir., 1972); M. Rutkin Elect. Sup. Co., Inc. v. Burdette Elect., Inc., 98 N. J. Super. 378, 237 A. 2d 500; Safe Deposit Bank & Trust Co. v. Berman, 393 F. 2d

401 (1st Cir., 1968); Central Arkansas Milk Producers Assn. v. Arnold, 239 Ark. 799, 394 S. W. 2d 126.

There are a number of cases which accept as security agreements instruments not strictly intended as such. In In re Numeric Corp., 485 F. 2d 1328 (1st Cir., 1973), it was held that although a standard form financing statement by itself cannot be considered a security agreement, an adequate agreement can be found when a financing statement is considered together with other documents. It was ruled that a resolution of a board of directors of the debtor corporation clearly indicated the existence of a security interest and together with the financing statement constituted a security agreement.

In Nunnemaker Transp. Co. v. United California Bank, 456 F. 2d 28 (9th Cir., 1972), a letter containing a signed statement of the debtor verifying the existence of a security interest was deemed sufficient.

In Evans v. Everett, 279 N. C. 352, 183 S. E. 2d 109, a financing statement was found to also qualify as a security agreement since it clearly manifested an intent to create a security interest.

As noted above, the present case reveals only the existence of a promissory note and standard form financing statements. Neither the financing statements nor the note manifest an intent to create or provide for a security interest. We are therefore of the opinion that the statutory requirement for a security agreement has not been complied with and in consequence plaintiff did not acquire a security interest in the contracts entered into between the debtor and Crete Mills.

The judgment of the District Court is affirmed.

AFFIRMED.