Hillsborough
No. 7214

ROBERT A. TATE & *a.*

v.

JAMES T. GALLAGHER, JR., & *a.*

March 31, 1976

*Stein, Gormley & Morrill (Arthur O. Gormley Jr.,* orally) for plaintiff Tate.

*Velishka & Kozlowski,* for James T. Gallagher Jr., waive brief and oral argument.

*Richard W. Leonard* and *Joseph F. Gall,* for defendant Weisman, waive brief and oral argument.

GRIFFITH, J.   This was a writ of replevin brought by Robert A. Tate against James T. Gallagher, Jr., to recover a certain Chevrolet automobile, and an action of assumpsit brought by James T. Gallagher, Jr., against Sam Weisman, d.b.a. S & J Motor Sales to recover damages arising from the loss of the car in the replevin action on the grounds that Weisman had sold the vehicle to Gallagher

warranting that he had title. Trial by the court resulted in a verdict for Gallagher in the replevin case of *Tate v. Gallagher* in the amount of $1,245, and a verdict for Weisman in the action of *Gallagher v. Weisman*. All questions of law raised by plaintiff Tate's exceptions in *Tate v. Gallagher* were reserved and transferred by *Keller*, C.J.

The automobile in question was initially sold by Nashua Auto Co., Inc., to Tate on December 26, 1966, who financed the purchase by a loan from the Indian Head National Bank, secured by a duly recorded purchase money security interest. In July 1967, Tate made an oral agreement with one Norman Sheppard, whereby Tate delivered possession of the automobile to Sheppard. Sheppard agreed to pay Tate $75 per month to satisfy the remaining monthly payments owed by Tate to the Indian Head National Bank. After sufficient payments had been made by Sheppard to pay the bank in full, Tate was to give him a bill of sale. In the interim, Tate retained title, although pursuant to the agreement, Sheppard registered the automobile in his own name and insured it. The trial court found that the arrangement between Tate and Sheppard was in effect an oral lease, with an agreement that Sheppard was to have title when all payments were made. It further found that the parties intended the lease as security, creating a security interest in Tate. RSA 382-A:1-201 (37).

After making some seventeen monthly payments to Tate, Sheppard traded the car in, without Tate's permission, at defendant Weisman's garage. Weisman sold the Chevrolet to Gallagher on May 24, 1968, taking a security agreement which was assigned to the Nashua Trust Company. Tate replevied the automobile on November 17, 1969, at which time it was worth $1,245. Both bank loans have been paid and neither bank is a party to these actions. It should be noted that the registration and sale of the car by Sheppard were both prior to September 1, 1968, the effective date of the provisions of the Uniform Motor Vehicle Certificate of Title Act (RSA ch. 269-A (Supp. 1975)), designed to prevent registration or sale of a motor vehicle by a person other than the owner.

Tate argues that Gallagher's rights in the automobile are subordinate to his own prior security interest. In support thereof, he correctly asserts that Gallagher was not protected under RSA 382-A:9-307 (2), because the purchase was made from a dealer who held the car as inventory, rather than from a consumer seller. *Everett National Bank v. DeSchuiteneer*, 109 N.H. 112, 244 A.2d 196 (1968); *Balon v. Cadillac Auto. Co.*, 113 N.H. 108, 303 A.2d 194 (1973).

Tate's reliance on RSA 382-A:9-307 (2) is unwarranted because the oral lease we are dealing with here is an unenforceable security interest. RSA 382-A:9-203 provides that where the collateral is not in the possession of the secured party, the security interest is not enforceable against the debtor or third parties unless the debtor has signed a security agreement sufficiently describing the collateral. This requirement is in the nature of a Statute of Frauds (RSA 382-A:9-203, Uniform Law Comment 5), and, absent a sufficient writing, a nonpossessory security interest is enforceable against no one. *Mosley v. Dallas Entertainment Co., Inc.,* 496 S.W.2d 237 (Tex. Civ. App. 1973); *American Card Co. v. H.M.H. Co.,* 97 R.I. 59, 196 A.2d 150 (1963); 4 R. Anderson, Uniform Commercial Code § 9:203-11 (2d ed. 1971); 1 P. Coogan, W. Hogan, and D. Vagts, Secured Transactions under the Uniform Commercial Code § 3.16 [4] (1976). Accordingly, the oral security interest is unenforceable under RSA 382-A:9-203, and the trial court correctly found a verdict in the replevin action for defendant Gallagher.

*Exceptions overruled.*

All concurred.