332 So.2d 368 (1976)
GEORGIA-PACIFIC CORPORATION, Appellant,
v.
CONSOLIDATED SUPPLIERS, INC., etc., et al., Appellees.
No. AA-58.
District Court of Appeal of Florida, First District.
May 18, 1976.
Rehearing Denied June 11, 1976.
David W. Carstetter, of Kent, Sears, Durden & Kent, Jacksonville, for appellant.
William DeCarlis, of Bates & DeCarlis, and Lansing J. Roy, Gainesville, for appellees.
BOYER, Chief Judge.
By this appeal we are asked to initially construe certain provisions of the Uniform Commercial Code, Chapter 679, Florida Statutes 1975.
Since we are without precedent in this state, we deem it desirable to carefully delineate the facts. An examination of the order here appealed reveals that the verbiage of the learned trial judge can hardly be improved, therefore we quote:

*369 "ORDER
"This cause was heard, after due notice, in connection with supplemental proceedings instituted by the plaintiff in aid of execution. The question presented to the Court is the priority of liens or claims against two automobiles claimed to be the assets of the defendant, Jack C. May, as between the plaintiff on the one hand and the respondents Donald L. Smith and Earl C. May on the other.
* * * * * *
"The Court finds from the evidence adduced that:
"1. The plaintiff is the owner and holder of a Summary Final Judgment entered in this cause on March 5, 1975 in its favor and against the defendant Jack C. May (and others not material to this proceeding) for money damages totaling $31,827.68, which judgment was recorded in Volume 3882, pages 526 and 527, Official Records of Duval County, Florida.
"2. At the time of the entry and recording of said Summary Final Judgment the defendant Jack C. May had in his possession two automobiles, a 1971 Ferrari bearing Title Certificate Number 9379978 as issued by the Motor Vehicle Commissioner of the State of Florida, and a 1973 Ferrari bearing Title Certificate Number 11224301 as issued by said Motor Vehicle Commissioner.
"3. That on November 5, 1974, prior to the entry and recording of plaintiff's aforesaid judgment, the defendant Jack C. May borrowed $13,000.00 from the respondent Donald L. Smith, executing and delivering to said respondent a demand promissory note therefor, which note recites no security therefor on its face, and simultaneously executing and delivering to said respondent a `Notice of Lien' on a written form furnished by the State of Florida Department of Highway Safety and Motor Vehicles, Division of Motor Vehicles. Said `Notice of Lien' bears a description of the above-mentioned 1973 Ferrari (Title Certificate No. 11224301), advises `that there is an existing written contract involving the motor vehicle described below held by Donald L. Smith, lienholder', describes the type of lien as `Chattel', specifies the amount of the lien to be $13,000.00 and the date of the lien to be November 5, 1974. Said written `Notice of Lien' was signed by the defendant Jack C. May and was properly notarized on November 5, 1974. This executed and notarized `Notice of Lien' was promptly forwarded by the respondent Donald L. Smith to the State of Florida Department of Highway Safety and Motor Vehicles, Division of Motor Vehicles, and a $13,000.00 lien was recorded by that agency on the face of the title certificate to said 1973 Ferrari automobile showing Donald L. Smith to be the 1st lienholder, with the date of lien being November 5, 1974. As aforesaid, all this occurred prior to the entry and recording of plaintiff's aforesaid judgment.
"4. That on July 22, 1974, prior to the entry and recording of plaintiff's aforesaid judgment, the defendant Jack C. May borrowed $10,000.00 from the respondent Earl C. May (his father) and on July 23, 1974 executed and delivered to said respondent a demand promissory note therefor, which note recites no security therefor on its face, and simultaneously executed and delivered to said respondent a `Notice of Lien' on a written form furnished by the State of Florida Department of Highway Safety and Motor Vehicles, Division of Motor Vehicles. Said `Notice of Lien' bears a description of the above-mentioned 1971 Ferrari automobile (Title Certificate No. 9379978), advises `that there is an existing written contract involving the motor vehicle described below held by Earl C. May, lienholder', describes the type of lien as `Retain Title', specifies the *370 amount of the lien to be $10,000.00 and the date of the lien to be July 22, 1974. Said written `Notice of Lien' was signed by the defendant Jack C. May and was properly notarized on July 23, 1974. This executed and notarized `Notice of Lien' was promptly forwarded by the respondent Earl C. May to the State of Florida Department of Highway Safety and Motor Vehicles, Division of Motor Vehicles, and a $10,000.00 lien was recorded by that agency on the face of the title certificate to said 1971 Ferrari automobile showing Earl C. May to be the 1st lienholder, with the date of lien being July 22, 1974. As aforesaid, all this occurred prior to the entry and recording of plaintiff's aforesaid judgment.
"5. That on April 9, 1973, prior to the entry and recording of plaintiff's aforesaid judgment, the defendant Jack C. May borrowed $12,000.00 from the respondent Earl C. May (his father), executing and delivering to said respondent a demand promissory note therefor, which note recites no security therefor on its face. Over two (2) years thereafter and on June 5, 1975, subsequent to the entry and recording of plaintiff's aforesaid judgment, the defendant Jack C. May executed and delivered to the respondent Earl C. May a `Notice of Lien' on a written form furnished by the State of Florida Department of Highway Safety and Motor Vehicles, Division of Motor Vehicles. Said `Notice of Lien' bears a description of the aforesaid 1971 Ferrari automobile (Title Certificate No. 9379978), advises `that there is an existing written contract involving the motor vehicle described below held by Earl C. May, lienholder', describes the type of lien as `Chattel 2nd Lien', specifies the amount of the lien to be $12,000.00 and the date of the lien to be June 5, 1975. Said `Notice of Lien' was signed by the defendant Jack C. May and was properly notarized on June 5, 1975. This executed and notarized `Notice of Lien' was forwarded subsequent to the entry and recording of plaintiff's aforesaid judgment by the respondent Earl C. May to the State of Florida Department of Highway Safety and Motor Vehicles, Division of Motor Vehicles, and a $12,000.00 lien was recorded by that agency on the face of the title certificate to said 1971 Ferrari automobile showing Earl C. May to be the 2nd lienholder, with the date of lien being June 5, 1975.
"6. That at the time the defendant Jack C. May executed and delivered said promissory notes and `Notices of Liens' on November 5, 1974 and on July 23, 1974 to the respondents Donald L. Smith and Earl C. May, respectively, it was the intent of said defendant and said respondents that the transactions were to have effect as secured transactions and that the money advanced to the defendant by said respondents and evidenced by promissory notes was to be secured by liens on the aforesaid automobiles despite the fact that no chattel mortgages, retained title contracts or lien documents other than the `Notices of Lien' and the promissory notes were executed and delivered to the respondents.
"7. In the latter part of June, 1975, or early July, 1975, subsequent to the entry and recording of plaintiff's said judgment, the defendant Jack C. May voluntarily surrendered posession [sic] of said two automobiles to the respondents Donald L. Smith and Earl C. May, advising them that he could not pay his indebtedness due to them and that he was, accordingly, surrendering the security for such indebtedness. Said automobiles are still in the possession, custody and control of the respondents.
*371 "From the foregoing facts and upon the law applicable to those facts the Court concludes as a matter of law that the transaction between the defendant Jack C. May and the respondent Earl C. May on July 22-23, 1974 and the transaction between the defendant Jack C. May and the respondent Donald L. Smith on November 5, 1974 were `secured transactions' within the meaning of Section 679.9-102(1)(a), Florida Statutes; that under the provisions of Section 679.9-302(3)(b), Florida Statutes, the filing of a financial [correctly financing] statement by the respondents Donald L. Smith and Earl C. May was not required in order to perfect their security interests in and to said automobiles; that the respondent Donald L. Smith properly perfected his lien of November 5, 1974 in the amount of $13,000.00 against said 1973 Ferrari automobile and the respondent Earl C. May properly perfected his lien of July 22, 1974 in the amount of $10,000.00 against said 1971 Ferrari automobile by compliance with the provisions of Section 319.27(2), Florida Statutes, * * * and that such liens on said automobiles, as so perfected, are superior in force and dignity to the plaintiff's judgment lien; that even though properly perfected in accordance with Section 327.27(2) Florida Statutes, the respondent Earl C. May's lien of June 5, 1975 (stemming from his loan to the defendant on April 9, 1973) in the amount of $12,000.00 against said 1971 Ferrari automobile is junior and subordinate in force and dignity to the plaintiff's judgment lien.

* * * * * *"
We agree.
AFFIRMED.
RAWLS and McCORD, JJ., concur.