**In re RITE–CAP, INC. Bankrupt.**

**WOONSOCKET TIRE SALES, INC., Plaintiff,**

v.

**Sarah T. DOWLING, Trustee, Defendant.**

**Bankruptcy No. BK–79–242.**

United States Bankruptcy Court, D. Rhode Island.

Nov. 14, 1980.

---

Laurent C. Bilodeau, Woonsocket, R. I., for debtor.

Norman G. Orodenker, Providence, R. I., for creditors.

Sarah T. Dowling, Providence, R. I., trustee.

Robert N. Huseby, Providence, R. I., for plaintiff.

### DECISION ON COMPLAINT FOR RECLAMATION BY WOONSOCKET TIRE SALES, INC.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

On July 15, 1980, the plaintiff, Woonsocket Tire Sales, Inc. filed a complaint for reclamation against the Trustee, alleging a security interest in certain goods and merchandise in the amount of $42,639.81. The Trustee objects, contending that the agreement between Woonsocket Tire and Rite– Cap, Inc. does not constitute a valid security agreement because of alleged faulty documentation.

Woonsocket Tire bases its claim as a secured creditor on three instruments: (1) an agreement between the parties regarding these goods, (2) a promissory note, and (3) a financing statement. Plaintiff contends that the agreement between Woonsocket Tire and Rite–Cap is sufficient to meet the requirements of the Uniform Commercial Code [1] for a security agreement in that it contains a sufficient description of the collateral, is signed by both parties, and grants a security interest to the seller. Alternatively, the plaintiff argues that notwithstanding any deficiencies which may exist in the agreement itself, the promissory note and the U.C.C. financing statement, read together with the agreement, clearly constitute a valid security agreement.

The Trustee argues that the plaintiff's security interest is invalid because the agreement does not include any language specifically granting a security interest in the property. Absent such language, the Trustee contends, the writing does not meet the statutory requirements of the Uniform Commercial Code. Furthermore, she ar-

---

1. For convenience, we refer to the Uniform Commercial Code (U.C.C.) rather than to the Rhode Island statute, R.I.Gen.Laws § 6A–1–101 et seq.

gues, neither the financing statement nor the note, collectively or separately can be used to cure any deficiencies, because the security agreement itself must contain the specific words of grant, pursuant to U.C.C. § 9–203.

U.C.C. § 9–105(1)(h) defines a security agreement as "an agreement which creates or provides for a security interest," and further defines an agreement as the "bargain of the parties in fact as found in their language or by implication from other circumstances including course of dealing or usage of trade or course of performance as provided in this Act." U.C.C. § 1–201(3).

The initial question is whether the alleged security agreement, standing alone, is sufficient to meet the requirements of U.C.C. § 9–203. It is undisputed that two of the requirements of this section are met: namely that the agreement be signed by both parties, and that it contain a sufficient description of the collateral. The narrow issue is whether the agreement contains sufficient "words of grant" to create a security interest in favor of the plaintiff.

Article 9 of the Uniform Commercial Code requires that a court, in effectuating the Code's provisions, "look to the substance rather than the form of the transaction to determine whether or not a transaction is a security agreement." *E. Turgeon Const. Co. v. Elhatton Plumbing & Heat. Co.*, 110 R.I. 303, 292 A.2d 230, 233 (1972). While the Trustee concedes that there are no specific "magic words" required to create a security interest, she contends that certain minimum requirements, such as the use of the words, "collateral", "pledge", or "security" must be met for the court to reach a determination that Rite–Cap intended to grant a security interest in these goods to Woonsocket Tire.

■ Under the terms of the agreement, Woonsocket Tire "does hereby grant, bargain, sell and convey" to Rite–Cap for the sum of $73,656, certain property described in the agreement. While, standing alone, this language does not establish a security interest, the agreement further provides that Rite–Cap is to retain possession of the goods until default under the terms of the agreement, and that Woonsocket Tire, upon such default, has the right to repossess and sell the "granted property". The agreement also requires Rite–Cap to keep the goods insured and to make payments pursuant to a promissory note executed the same day at an interest rate of five percent per year. Furthermore, the agreement specifically provides that Rite–Cap is prohibited from selling the goods, except in the ordinary course of business, without the written consent of Woonsocket Tire. While the agreement is far from an exemplar of artful U.C.C. draftsmanship, it contains language which is sufficient, in our view, to demonstrate that the parties intended to enter into a security agreement and that Rite–Cap intended to and did grant a security interest in these goods to Woonsocket Tire.

The agreement in question is clearly distinguishable from those in cases brought to our attention where it was held that the security agreement did not demonstrate that the debtor intended to specifically grant a security interest in collateral. In *First County National Bank & Trust Co. v. Canna*, 12 UCC Rep. 951 (N.J.Sup.Ct.1973), for example, the court found that the terms of a promissory note combined with a notation on a motor vehicle certificate was insufficient "to indicate that the debtor intended to thereby specifically grant to the creditor a security interest in the collateral." *Id.* at 954; *see In re Taylor Mobile Homes, Inc.*, 17 UCC Rep. 565 (E.D.Mich. 1975) but *see Georgia Pacific Corp. v. Consolidated Suppliers, Inc.*, 332 So.2d 368 (Fla. 1976), where the court held that an instrument containing a description of the collateral, signature of the debtor, and other evidence of intent to effect a secured transaction was sufficient to perfect a lien, although it did not meet formal U.C.C requirements.

Accordingly, we conclude that the agreement, considered in its entirety, grants to Woonsocket Tire a security interest in the collateral, notwithstanding the fact that the specific words "security interest" are not

used. *See In re Taylor Mobile Homes, Inc., supra,* at 568; *American Card Co. v. H. M. H. Co.,* 97 R.I. 59, 196 A.2d 150 (1963).

This conclusion is buttressed by the promissory note executed at the same time, which states that the debt is "secured by Uniform Commercial Code Financing Statement executed and duly recorded or filed" and that if at any time title to the property which is "considered as security for this note" is acquired by any person other than Rite–Cap, the note is to become payable at once. We do not feel we are foreclosed, as the Trustee argues, from considering these collateral instruments. We feel that the Trustee's reliance on the Rhode Island Supreme Court decision in *American Card Co. v. H. M. H. Co.,* 97 R.I. 59, 196 A.2d 150 (1963), is misplaced. There, the court held that a financing statement, standing alone, in the absence of a separate formal document, cannot constitute a security agreement which satisfies the requirements of the Uniform Commercial Code. We do not disagree with that proposition. We do feel, however, that *American Card* does not preclude the finding that a security interest may exist when the financing statement is considered along with other documents. *See In re Numeric,* 485 F.2d 1328 (1st Cir. 1973); *In re Amex–Protein Development Corp.,* 504 F.2d 1056 (9th Cir. 1974); *see also Casco Bank & Trust v. Cloutier,* 398 A.2d 1224 (Me.1979).

In summary, we find that the agreement between Rite–Cap and Woonsocket Tire, either standing alone or construed together with the financing statement and promissory note, constitutes a valid security agreement which meets the requirements of U.C.C. § 9–203. To hold otherwise would represent a "warrantless reliance on formalism" in direct contradiction of the general rule that Uniform Commercial Code provisions are to be liberally construed and applied to promote its underlying purpose. *See In re Numeric, supra* at 1332.

Accordingly, we find as facts and conclude as a matter of law, pursuant to Rule 752 of the Rules of Bankruptcy Procedure, as follows:

That the document in question meets the requirements of U.C.C. § 9–203, and constitutes a valid security agreement.

The objection of the Trustee to the complaint for reclamation of Woonsocket Tire Sales, Inc. is denied.

Judgment should be entered in accordance with the terms of this decision within seven (7) days.