In re Roger Dale CARMACK and Debra Lynn Carmack, a/k/a Debbie Lynn Carmack, Debtors,

Kenneth L. STAINER, Plaintiff,

v.

Stephen C. WOLFE, Defendant.

Bankruptcy No. 82–00198.
Adv. No. 82–0748.

United States Bankruptcy Court,
N.D. Oklahoma.

April 8, 1985.

## ORDER

MICKEY DAN WILSON, Bankruptcy Judge.

This adversary proceeding was filed by Kenneth L. Stainer, trustee for the debtor estate and plaintiff herein, on December 6, 1982. Plaintiff objects to the claim of a security interest in debtors' tax refunds for 1981 filed by Stephen C. Wolfe, defendant. Plaintiff alleges that defendant does not have a perfected security interest in debtors' tax refund because defendant does not have a valid security agreement signed by debtors. Plaintiff requests that defendant's claim be allowed only as a general, unsecured claim in the amount as filed.

## FACTS

On January 4, 1984, plaintiff and defendant filed a Stipulation summarized as follows:

1. Debtors filed their Petition in Bankruptcy on March 3, 1982. Plaintiff was

appointed trustee of the estate March 4, 1982.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1471 and 11 U.S.C. §§ 541, 544, 545, 546 and 547.

3. The Court may decide this case based on the Stipulation as if all facts were proven in trial.

4. On the date the Petition in Bankruptcy was filed, debtors were entitled to 1981 federal and state tax refunds totaling $532.00.

5. Defendant filed a Proof of Claim in Bankruptcy Case Number 82–00198. Defendant attached copies of the financing statement filed in the County Clerk's Office of Tulsa County on December 15, 1981, and the document defendant relies upon as a security agreement (promissory note).[1]

6. Plaintiff objects to defendant's claim as stated in the Complaint. Defendant has filed an Answer to the Complaint.

7. The issue presented to the Court is whether defendant has a properly perfected security interest in the debtors' 1981 federal and state tax refunds.

8. If the Court finds that defendant has a perfected security interest in the tax refunds, plaintiff will not have any right, title or interest in the refunds. If the Court finds that defendant does not have any right, title or interest in the refunds, the plaintiff's objection to defendant's secured claim will be sustained and the claim allowed only as an unsecured claim in the amount as filed.

## DISCUSSION

The Stipulation limits the issue for resolution to the question of whether defendant has a valid perfected security interest in the 1981 tax refunds due the debtors. To have a valid perfected security interest, there must be a valid security interest in collateral securing an enforceable debt or obligation, and proper perfection of that interest. To evaluate the issue submitted, the Court must first decide whether the defendant has created a valid security interest as evidenced by a security agreement.

A " 'security agreement' means an agreement which creates or provides for a security interest." 12A O.S. 9–105(1)(h). In *Pontchartrain State Bank v. Poulson,* 684 F.2d 704–6 (10th Cir.1982), the court inferred that promissory notes, financing statements or other documents can serve as security agreements if they satisfy the requirements of Article 9 and contain language creating or providing for a security interest. The court also reviewed prior court decisions concerning the language necessary to evidence the creation of a valid security interest:

"There appears to be a split among the courts regarding the language which is needed to give rise to a security agreement, however. Some courts have held that a document, to be a security agreement, must contain language specifically granting a security interest in collateral. (citations omitted) In reaching this conclusion, these courts, relying upon a line of cases beginning with *American Card Co. v. H.M.H. Co.,* 97 R.I. 59, 196 A.2d 150 (1963), equate the § 9–105 'creates or provides for' terminology with the word 'grants'.

Other courts have been more flexible. In *In re Amex-Protein Development Corporation,* 504 F.2d 1056 (9th Cir. 1974), the court rejected the argument that a security agreement must contain language explicitly conveying a security interest. The court found that a promissory note containing the line: 'This note is secured by a Security Interest in subject personal property as per invoices' was sufficient to create a security interest.

---

[1]. With the Answer to this Complaint, defendant submitted copies of the promissory note and the termination statement. The Court generously takes judicial notice of defendant's proper attachment of copies of the promissory note and financing statement to his Proof of Claim in Bankruptcy Case Number 82–00198.

The promissory note in this case provided that it was '... secured by pledge and delivery of the securities or property mentioned on the reverse ...' thereto. The note does not specifically grant a security interest to Bank; thus, under the law of this Circuit interpreting the Oklahoma Commercial Code, it does not satisfy the requirements for the creation of a security agreement."

▇▇ Defendant relies upon the promissory note attached to his Proof of Claim as a security agreement. The language handwritten on the form states, "This note is secured by personal income tax refund 1982 (for the year 1981) both State and Federal". In consideration of Tenth Circuit reasoning, this court finds that the language defendant used on the promissory note is insufficient to grant a security interest in the tax refunds. A financing statement may serve as a security agreement if it contains the proper words to evidence intent of the parties which must include words of grant. However, the Court further finds the identical language handwritten on the financing statement is insufficient. The maker of the note and owner of the income tax refunds did not sign any document granting a right, title or interest in tax refunds to the defendant. Therefore, the Court finds that there never was a proper security agreement in writing and signed by the debtors evidencing their intent to grant a security interest in the tax refunds due them for 1981 to defendant.

▇▇ Even if defendant had a valid security interest which attached to the tax refunds, the Court could not find proper perfection of the claim. Defendant is required to file a financing statement in the proper place for the collateral claimed to perfect a secured claim under 12A O.S. 9–302. Defendant filed his financing statement in the Tulsa County Clerk's Office. However, tax refunds are properly classified as general intangibles. *In re Scherbenske Excavating, Inc.,* 38 B.R. 84 (Bankr.D.N.D.1984); *In re Kendrick & King Lumber, Inc.,* 14 B.R. 764 (Bankr.W.D.Okla.1981); *In re Metric Metals Intern., Inc.,* 20 B.R. 633 (D.C.S.D.N.Y.1981); *In re Certified Packaging, Inc.,* 8 U.C.C.Rep. 95 (D.Utah 1970).

The place of filing for perfection of different types of collateral are listed in 12A O.S. 9–401:

§ 9–401. *Place of Filing; Erroneous Filing; Removal of Collateral*

(1) The proper place to file in order to perfect a security interest is as follows:

(a) when the collateral is equipment used in farming operations, livestock, farm products, or accounts, contracts rights or general intangibles arising from or relating to the sale of farm products by a farmer, or consumer goods, then in the office of the county clerk in the county of the county of the debtor's residence, or if the debtor is not a resident of this state, then in the office of the county clerk in the county where the goods are kept, and in addition, when the collateral is crops, in the office of the county clerk in the county where the land on which the crops are growing or to be grown is located;

(b) when the collateral is timber to be cut or is minerals or the like, including oil and gas, or accounts subject to subsection (5) of Section 9–103.1 of this title, or when the financing statement is filed as a fixture filing (Section 9–313) and the collateral is goods which are or are to become fixtures, then in the office where the mortgage on the real estate would be filed or recorded;

(c) in all other cases, in the office of the county clerk of Oklahoma County.

The statute indicates that a financing statement listing general intangibles as collateral must be filed in the Office of the County Clerk of Oklahoma County. Therefore, since the defendant did not file the financing statement in the Office of the County Clerk of Oklahoma County, his claim can be allowed only as an unsecured claim.

This Court finds that the plaintiff's right, title, and interest in the 1981 tax refunds due the debtors are superior to the right, title and interest of the defendant; that

plaintiff's objection to defendant's claim as a secured claim should be sustained; that the claim should be allowed only as an unsecured claim in the amount as filed.

AND IT IS SO ORDERED.