**In re JOHN OLIVER CO., Debtor.**

**Bankruptcy No. 88–334.**

United States Bankruptcy Court,
D. New Hampshire.

June 4, 1991.

Geraldine Brotherton, U.S. Trustee, Boston, Mass.

J. Michael Deasy, Deasy & Dwyer, Nashua, N.H., as sp. counsel to Trustee & Atty. for debtor.

Roland E. Morneau, Grinnell & Bureau, Derry, N.H., for claimant John Oliver, Sr.

Andre Barbeau, N.H. Dept. of Employment Sec., Concord, N.H., for the N.H. Dept. of Employment Sec.

Dennis G. Bezanson, So. Portland, Me., Trustee.

Timothy Smith, Manchester, N.H., for the Creditors Committee.

---

**1.** The claimant had also made a claim for interest, but properly conceded that claim at the hearing.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

In this case, the Chapter 7 trustee objected to the claim of John Oliver, Sr. of $62,000.00 [1] as not being a valid secured claim principally because "there is no security agreement substantiating the grant of any security interest." The claimant contends that the financing statements also serve as a security agreement. Those statements were filed on April 29 and May 1, 1987. Four notes totalling $62,000 were executed on May 15, June 16, July 31, and August 27, 1986. The notes make no reference to any collateral or a financing statement. The alleged security transaction sought to benefit the father of the principal stockholder of the debtor.

The financing statements are signed by both the debtor and secured party and state:

> This financing statement covers the following types (or items) of property:
> Raw, in process, and finished inventory to cover my interests up to $250,000.00.

### STATE STATUTES

Under NH RSA 382–A:9–203(1)(a), a security interest is enforceable only if there has been a security agreement signed by the debtor containing a description of the collateral. A security agreement is defined as "an agreement which creates or provides for a security interest." NH RSA 382–A:9–105(1)(h). A security interest is defined under NH RSA 382–A:1–201(37) as "an interest in personal property or fixtures which secures payment or performance of an obligation: ..."

### DISCUSSION

Although only one reported case has held a financing statement was a security agreement, see *Evans v. Everett*, 279 N.C. 352, 183 S.E.2d 109 (1971), there are many cases stating in dictum that if a granting clause

is present the financing statement can serve as a security agreement. See, e.g., *Transport Equip. Co. v. Guaranty State Bank,* 518 F.2d 377, 380 (10th Cir.1975); *Shelton v. Erwin,* 472 F.2d 1118, 1120 (8th Cir.1973); *In re Lady Madonna Indus., Inc.,* 99 B.R. 536, 543 (S.D.N.Y.1989); *In re Bossingham,* 49 B.R. 345, 349 (S.D.Iowa 1985); *In re Center Auto Parts,* 6 U.C.C.Reptr.Serv. 398 (C.D.Cal.1968); *In re Hoyt's Inc.,* 117 B.R. 226, 228 (Bankr. N.D.W.Va.1990); *In re Zurliene,* 97 B.R. 460, 464 (Bankr.S.D.Ill.1989); *Crete State Bank v. Lauhoff Grain Co.,* 195 Neb. 605, 239 N.W.2d 789, 791 (1976). These cases often rely on a Tenth Circuit case, *Mitchell v. Shepherd Mall State Bank,* 458 F.2d 700, 704 (10th Cir.1972) which stated: [2]

Absent language which would constitute the debtor's grant of a security interest, a financing statement cannot serve as a security agreement.

Thus, the critical question is whether there is a grant of the security interest. There is no New Hampshire case law on this point, but the law generally appears to be that there are no "magic words". *In re Hardage,* 99 B.R. 738, 741 (Bankr.N.D.Tex. 1989); *In re Krause,* 114 B.R. 582, 593 (Bankr.N.D.Ind.1988); *Matter of Hollie,* 42 B.R. 111, 117 (Bankr.M.D.Ga.1984). See generally White and Summers, 2 *Uniform Commercial Code,* § 24, at p. 301–2. Rather, the court "must refer to the general law of contracts." *Matter of Hollie, supra.*

This Court is aware of no court that has allowed the phrase "to cover my interests up to $250,000.00" to be a sufficient granting clause. The principal problem with this purported granting clause is that the phrase "my interests up to $250,000" is too indefinite. The term "my interests" has no meaning. Moreover, a reader does not know if the entire phrase refers to past monies advanced, present monies advanced, or future monies advanced. The four notes totalling $62,000 are not mentioned. The

one case allowing a financing statement to be a security agreement used the phrase "securing note for advanced money to produce crops for the year 1969". See *Evans v. Everett,* 279 N.C. 352, 183 S.E.2d 109, 110 (1971). That case, unlike this one, involved a contemporaneous loan transaction, with the note stating it is secured by a financing statement.

In short, I must agree with certain comments of the court in *In re Modafferi,* 45 B.R. 370, 373 (S.D.N.Y.1985):

The goal of liberal construction does not dispense with the requirements of U.C.C. § 9–203. This point was expressed in *In re Broward Auto Brokers, Inc.,* 11 U.C.C.Rep.Serv. (Callaghan) 402, 404 (Bkrtcy.S.D.Fla.1972) as follows:

Although there is a direction above that the code is to be liberally construed, the further provision in regard to making the law uniform puts a restriction on such a direction. A line must be drawn somewhere. If each court or each jurisdiction went along its merry way waiving one or more specific requirements of the act in order to liberally construe the act, there would probably be a complete lack of uniformity. Furthermore, it is not the security agreements that are to be liberally construed, it is the act.

*Accord Shelton v. Erwin,* 472 F.2d at 1120. The U.C.C.'s requirements for the creation of a security interest are simple and clearly set forth. It is not unreasonable to require that a creditor who seeks to obtain priority over other creditors comply with these minimal requirements as a condition for being accorded such favored treatment. *Mitchell v. Shepherd Mall State Bank,* 458 F.2d at 704.

## CONCLUSION

The reason why there is only one reported decision to hold a financing agreement also constitutes a security agreement is

---

2. This court principally relied on the earlier case of *Scott v. Stocker,* 380 F.2d 123, 127 (10th Cir.1967) which stated:

We see no merit in the appellant's final argument that the financing statement filed on January 18, 1963, was sufficient also as a security agreement. Nowhere in the form is there any evidence of an agreement by the debtor to grant the lender a security interest in the collateral.

that financing statements "usually do not contain the necessary grant of an interest." *Shelton v. Erwin*, 472 F.2d 1118, 1120 (8th Cir.1973). Not surprisingly, here, there is insufficient granting language. The trustee's objection to the claim is sustained.