In re Carl JOHNSON a/k/a Carl W. Johnson, Debtor.

Bankruptcy No. 81–00592.

United States Bankruptcy Court, District of Columbia.

June 24, 1982.

Michael E. Brand, Miller, Loewinger & Associates, Washington, D. C., for debtor.

## MEMORANDUM OPINION

(Motion to Amend Order Appointing Counsel and for Interim Compensation)

ROGER M. WHELAN, Bankruptcy Judge.

The pending Motion to Amend Order Appointing Counsel and for Interim Compen-

sation was filed by the law firm of Miller, Loewinger and Associates, Chartered, as counsel for the debtor in possession and by such motion they seek to correct a prior order of this Court entered on May 27, 1982, authorizing their retention as attorneys for the debtor in possession in this Chapter 11 case. However, the original Chapter 11 case was initiated by the filing of a petition on October 21, 1981, and the attorneys now seek to have the order of May 27, 1982 entered on a *nunc pro tunc* basis in order to provide for attorneys' services rendered from the initiation of the case in October 1981. A review of the motion essentially sets forth as a factual predicate for the granting of relief, *nunc pro tunc*, their "mistaken impression that specific appointment of counsel need not be obtained substantially in advance of the filing of a petition for interim compensation." The record before this Court clearly reflects that no order authorizing retention of counsel was ever signed until May 27, 1982, when attorneys for the debtor in possession then filed their application for retention pursuant to the requirements of Section 327 of the Code.

The facts as presented reflect, with reference to the filed application for interim compensation, that counsel rendered substantial services in the pending Chapter 11 case and yet no steps were admittedly taken to secure court approval for retention of counsel. This is certainly a regrettable situation but the mandate of the Bankruptcy Code is clear in requiring court approval for retention of all "professional persons." 11 U.S.C. § 327 specifically mandates that employment of all professional persons be with "court approval." With reference to the filing of a Chapter 11 case, it is important to bear in mind that a new entity, the debtor in possession, emerges upon the filing of the petition and accordingly reten-

tion of attorneys for the debtor in possession is mandated in view of the fact that Section 327 is clearly applicable. *See* 11 U.S.C. § 1107(a) and § 1101. Before professional services can be rendered for the benefit of the debtor in possession in a pending Chapter 11 case, the Code clearly requires Court approval in order to ensure that only "disinterested" persons provide such services in a competent way. This is particularly true of attorney representation because counsel for the debtor must also comply with the requirements of Section 329 and Bankruptcy Rule 219 where applicable.[1] Ignorance of these important and crucial provisions is certainly not an excuse to the attorney, nor does it provide a sufficient legal basis for this Court to enter an order on a *nunc pro tunc* basis. Accordingly, where the attorney has not timely filed his application for retention as counsel for the debtor in possession, denial of services prior to the entry of such order is entirely proper. In *In re Progress Lektro Shave Corporation*, 117 F.2d 602, 604 (2d Cir. 1941), the Court stated:

"There is no question but that the appellant acted throughout in good faith and a denial to him of compensation is a harsh conclusion. However, the law is unquestionably settled that the order of the district court was correct."

*See also In re Rogers-Pyatt Shellac Co.*, 51 F.2d 988, 991 (2d Cir. 1931).

In this situation the services for which compensation is being requested on an interim basis were clearly services rendered without court approval. While *nunc pro tunc* applications in certain extraordinary situations may be warranted, the facts as stated in the pending motion do not compel, or in any way constitute sufficient justification for the entry of a *nunc pro tunc* order. Accordingly, for the reasons stated, the motion requesting such relief is denied.[2]

---

1. Of course, it is clear that no order is required for the retention of counsel to the debtor in the pre-petition period, and, accordingly, all services rendered prior to the filing of the Chapter 11 case can be compensated to the extent that the Court finds that such fees are fair and

reasonable within the meaning of the Code. *See* 11 U.S.C. § 330(a)(1).

2. To the extent that legitimate and necessary expenses have been incurred by counsel in connection with the pending Chapter 11 case since the filing of the case on October 21, 1981, the

Court will award payment of such expenses after the attorneys submit an itemized list and

documentation as to the amount.