**In re TOM'S VARIETY & HARDWARE INC., Debtor.**

**Bankruptcy No. 1–82–00376.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

May 23, 1983.

Jeffrey Marks, William Eder, Jr., Cincinnati, Ohio, for debtor.

David W. Kuhn, Portsmouth, Ohio, for trustee.

### DECISION AND ORDER RE ATTORNEY'S FEES

BURTON PERLMAN, Bankruptcy Judge.

This case was filed February 16, 1982 as a Chapter 7, liquidation, case. On May 25, 1982 upon application of the debtor the case was converted to a Chapter 11 case. Upon the initial filing of the case a trustee was appointed but his function ceased upon the conversion. In January 1983 the trustee filed his final report and also an application to employ himself as counsel. He accompanied this with an application for his attorneys fees. We granted the application to employ counsel and signed an order to that effect. We also signed an order granting the request for attorneys fees and expenses, subject to objection by interested party. Debtor filed an objection to that application and the matter came on for hearing, at the conclusion of which we reserved decision.

Debtor's grounds for objection are as follows:

1. That the services rendered by the attorney for the trustee were rendered prior to his appointment as attorney;

2. That it is premature to grant payment of this administrative expense prior to submission of debtor's plan; and

3. That some of the time billed for as attorney's services was actually for services rendered as trustee.

We deal with these objections seriatim.

■ Implicit in the first of debtor's positions is a contention that a nunc pro tunc appointment by the court of counsel for the trustee is ineffective. In support of this proposition debtor cites *In Re Mork* 19 B.R. 947 (Bkrtcy.D.Minn.1982). The bankruptcy judge there held that statute requires that an order of the court be obtained authorizing professional services (there, an accountant) prior to the time that the services are rendered, in order for compensation properly to be allowed for those services. The Judge held that he could not now remedy the failure to obtain a prior order which debtor's counsel by inattention failed to obtain. We disagree with debtor's contention. It is unnecessarily harsh to apply such a rule inflexibly and there is respectable authority to the contrary.

In a recent case, *Matter of Triangle Chemicals, Inc.* 697 F.2d 1280, 10 B.C.D. 325 (5th Cir.1983) the court held that neither statute nor rule precludes the granting of an order nunc pro tunc authorizing employment of an attorney in a bankruptcy case where valuable services have been provided. In the case now before us the trustee and attorney for the trustee rendered services in the normal discharge of their responsibilities promptly after the case was filed. This involved, among other activities, the filing of a complaint to sell property, which clearly required the services of an attorney. The efforts launched to liquidate the assets of debtor aborted upon the conversion of the case, but services potentially valuable to the estate were rendered, and it is our view that it would be unjust in the circumstances of the present case to deny compensation for such services. We therefore overrule debtor's objection on this ground. We note and reject the rationale for a per se rule to the contrary as stated in such cases as *In Re Garland Corp.* 8 B.R. 826 (Bkrtcy.D.Mass.

1980) where the court was of the view that this is necessary "if the Court is to maintain control of costs." We fail to understand how this justifies an inflexible rule, for we can deny costs which ought not to be allowed even if an order approving employment of an attorney is entered, whenever that order is entered.

■ We do agree with debtor that it is at this time premature to order payment to applicant of his attorneys fees since these are an administrative expense, payment of which should be made at the time that other administrative expenses are paid. This ruling will not extend to applicant's expenses which amount to $714.47, for it would be inequitable to require applicant to be an involuntary lender to this bankruptcy estate. Accordingly, debtor will reimburse applicant forthwith for his expenses.

The third ground of objection asserted by debtor is that some of the time billed by applicant as attorney's time properly is trustee's time. At the hearing, applicant resisted this criticism by stating that it often is difficult as a practical matter to distinguish between trustee's and attorney's time for services to the estate. Applicant seeks $968.00 as attorneys fees. We have independently reviewed the time records submitted by the applicant and conclude that there is some merit to the position of debtor. A large portion of the time recorded involved trips to the town where debtor is located. Clearly, some of that time was devoted to the work of the trustee. At the same time, an equity in favor of applicant is that he devoted considerable effort to this case prior to its conversion for which he could have normally looked to a trustee's commission upon liquidation of the estate as reasonable compensation, but this expectation was frustrated by the conversion of the case. Because of this, we conclude it to be fair and equitable to fix the amount of applicant's claim for administrative expense on account of attorneys fees at $700.00.

SO ORDERED.