**In re BROADCAST MANAGEMENT CORP., Debtor.**

**Bankruptcy No. 1–83–00990.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 27, 1983.

**520**

Paul A. Nemann, Cincinnati, Ohio, for debtor.

Timothy G. Mara, Cincinnati, Ohio, for Creditors committee.

## ORDER

RANDALL J. NEWSOME, Bankruptcy Judge.

These consolidated Chapter 11 cases are before the Court pursuant to a hearing on an application for attorney fees filed by Mr. Timothy Mara, counsel for the creditors' committee. By way of his September 7, 1983, application, Mr. Mara seeks $1946.50 as an interim fee for legal services rendered to the creditors' committee.

Counsel for the debtors has raised three objections to awarding all of the fees requested. First, he asserts that under § 330(a) of the Code, Mara may not be awarded any fees for services rendered prior to his appointment on June 15, 1983. Alternatively, he asserts that § 1103(b) prohibits an award of fees for services rendered prior to June 1, 1983, since prior to that date a conflict of interest existed between Mara's representation of the committee and an individual creditor.

Finally, counsel for the debtor argues that based upon his limited experience in bankruptcy, Mara's hourly fee should be reduced from $75 to $65 per hour.

■ For the reasons set forth in *In re Tom's Variety & Hardware, Inc.,* 30 B.R. 298 (Bkrtcy.S.D. Ohio 1983) (Perlman, J.), we have little difficulty in rejecting the debtor's first argument. A flurry of activity occurred in these consolidated cases shortly after their filing, not the least of which concerned the question of consolidation. The unsecured creditors required and obtained legal counsel to advise them regarding this activity. As was noted in *Tom's Variety, supra* at 299, "... it would

be unjust in the circumstances of the present case to deny compensation for such services." Accordingly, the Court will deem its June 15, 1983 order appointing Mara as counsel for the creditors' committee as operating retroactively to May 20, 1983, the date of the first entry on Mara's time sheets.

■ The debtor's second objection is more troubling. The facts reveal that Mara continued to represent a creditor in these cases until May 31, 1983, when a settlement was reached with the debtors as to the amount of the creditor's claim. His representation of both the creditors' committee and a creditor from May 19, 1983 until May 31, 1983 was in clear violation of § 1103(b), which reads as follows:

A person employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity in connection with the case.

Mara stated (and we have no reason to doubt) that his representation of the creditor was fully disclosed to all of the members of the committee, and that no actual conflict of interest existed. However, as the pertinent legislative history indicates, § 1103(b) was designed to prevent *potential* conflicts of interest, and to avoid even the appearance of impropriety. Senate Report No. 95–989, 95th Cong., 2d Sess. 114 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. The language of the section essentially states a *malum prohibitum* rule which allows for no exceptions. We agree with those courts which have refused to circumvent this straightforward provision. *See, In re Saxon Industries Inc.,* 29 B.R. 320, 10 B.C.D. 573 (Bkrtcy.S.D.N.Y.1983); *In re Combustion Equipment Associates, Inc.,* 8 B.R. 566 (Bkrtcy.S.D.N.Y.1981); *In re Proof of the Pudding, Inc.,* 3 B.R. 645 (Bkrtcy.S.D. N.Y.1980). Accordingly, compensation for the 8.66 hours of time spent by Mara as attorney for the creditors' committee between May 20 and May 31, 1983, must be disallowed.

Finally, debtor suggests that because Mara has never represented a creditors' committee before, and because he has only been in the active practice of law for approximately four years, his hourly rate should be reduced from $75 to $65. We disagree. Mara testified that $75 is the normal and customary fee which he charges his clients, and the Court has been given no reason to believe that this rate is unreasonable. As for his alleged lack of experience, we note in passing that a more appropriate standard for judging the reasonableness of fees is the results achieved, not past experience. There has been no allegation that Mara's efforts have been ineffectual or wasteful. Absent such allegations, we believe that he is entitled to what he has requested.

Accordingly, the Court hereby awards an interim fee of $1297 to the attorney for the creditors' committee, Timothy G. Mara.

IT IS SO ORDERED.