**In re ROARING CREEK MINING CO., INC., Debtor.**

**Bankruptcy No. 1–83–01273.**

United States Bankruptcy Court, E.D. Tennessee.

Aug. 1, 1985.

MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

This cause came on to be heard on the fee application of the attorneys for the debtor (Roaring Creek) and the objection of Harry Thompson. The objection was based on alleged conflicts of interest on the part of Richard P. Jahn, Jr., and on the rule that the debtor's attorney can be compensated from the bankruptcy estate only for work that is beneficial to the estate.

The objection did not raise another important point. Roaring Creek was a chapter 11 debtor-in-possession from the time its case was filed until the case was converted to chapter 7 and a trustee appointed. The debtor's attorneys seek payment for representation of the debtor-in-possession, but they did not obtain prior court approval to act as attorneys for the debtor-in-possession. 11 U.S.C.A. §§ 327 & 1107 (1983). They have now filed a motion for nunc pro tunc appointment.

The court of appeals for this circuit has denied compensation for services rendered to a debtor-in-possession without prior court approval. *Gochenour v. Cleveland Terminals Bldg. Co.,* 142 F.2d 991 (6th Cir.1944).

The courts have not treated this as an inflexible rule that always prohibits nunc pro tunc appointment and the allowance of fees on that basis. *Hunter Savings & Loan Assn. v. Baggott Law Offices,* 34 B.R. 368 (Dist.Ct.S.D.Ohio 1983) rev'd on other grounds. *In re Georgetown of Kettering, Ltd.,* 750 F.2d 536, note 6, 12 B.C.D. 775, 11 C.B.C.2d 1097 (6th Cir.1984); *In re Tinsley & Groom,* 49 B.R. 94 (Bankr.W.D. Ky.1985); *In re Tom's Variety & Hardware, Inc.,* 30 B.R. 298 (Bankr.S.D.Ohio 1983); *In re Twinton Properties Partnership,* 27 B.R. 817 (Bankr.M.D.Tenn.1983). The better rule appears to be that nunc pro tunc appointment is allowed in special circumstances. *In re Triangle Chemicals, Inc.,* 697 F.2d 1280, 10 B.C.D. 325, 8 C.B. C.2d 116 (5th Cir.1983). In that case the court recognized that failure of the debtor's attorney to obtain appointment as attorney for the debtor-in-possession is a recurring problem in chapter 11 cases. 697 F.2d 1280, 1289–91.

The entry of a nunc pro tunc order may be viewed as a legal fiction that can be

dispensed with, since the real question is whether the attorney should be allowed fees for representing the debtor-in-possession despite his failure to obtain court appointment before rendering the services. The district court for Maine recognized this in two cases and did not require entry of a nunc pro tunc order. *In re Cormier*, 35 B.R. 424 and *In re Wallingford Fruit House, Inc.*, 35 B.R. 426 (Dist.Ct.D.Me. 1983). The court specifically said that appointment is required under Code §§ 327 and 1107 but recognized that a nunc pro tunc order cannot really cure the failure to obtain appointment before representing the debtor-in-possession.

■ However the question is phrased, the courts have not allowed fees as a matter of course to attorneys who failed to obtain court appointment. In particular, the attorneys should be able to show that they met the requirements of Bankruptcy Code § 327 while they represented the debtor-in-possession. *In re Wallingford Fruit House, Inc.*, 35 B.R. 426 (Dist.Ct.D. Me.1983). Section 327 provides that an attorney for a trustee or debtor-in-possession cannot represent an interest adverse to the bankruptcy estate.

This raises the problem of the attorneys' alleged conflicts of interest while they represented Roaring Creek.

They were paid $15,000 in 1983 and $3,000 in 1984 for representing Barnwell Coal Company. Barnwell Coal was not a creditor of Roaring Creek. It owed Roaring Creek a debt, a fact not disputed by the attorneys. The trustee in bankruptcy sued Barnwell Coal in 1984 and eventually settled the adversary proceeding. The record does not show that the attorneys represented Barnwell Coal Company in the adversary proceeding. The debtor obviously did not object to the attorneys' representation of Barnwell Coal Company. They were apparently hired to represent Barnwell Coal by Coralie White who was its president. She was also president of Roaring Creek and of Dade County Mining Company. She hired the attorneys to represent all three companies. It is more than likely

that neither the attorneys nor Coralie White considered that there was a real dispute between Roaring Creek and Barnwell Coal but only confused facts that needed to be straightened out.

Mention was also made of the abandonment of property to Barnwell Coal Company. The abandonment took place in Dade County Mining's bankruptcy case, and the property was abandoned to Barnwell of Canada, Ltd., a different company which was represented by another local law firm and not by these attorneys.

The attorneys also filed proofs of claims for the U.K. consortium and one of its members. The consortium held the controlling interest in Roaring Creek and Dade County Mining. Coralie White was elected president essentially as their representative. She displaced Harry Thompson. The attorneys' filing of the claims is understandable in these circumstances. The trustee objected to the claims and settled the objections. The record does not show that the attorneys had a part in the settlement negotiations.

In any event, filing of the proofs of claims was negligible representation. Mr. Jahn characterized it as not representation at all; he only helped fill out the forms and agreed to receive payments on the claims as a convenience. Furthermore, the claims were filed after a trustee was appointed. The attorneys were then attorneys for the debtor, rather than the debtor-in-possession.

■ The only real problem is the attorneys' representation of Barnwell Coal Company while they represented the debtor-in-possession. A proper application for appointment as attorneys for the debtor-in-possession should have revealed the representation of Barnwell Coal Company. 11 U.S.C.A. § 327; Bankruptcy Rule 2014. It would have given the court an opportunity to decide if the attorneys were representing an adverse interest before they rendered services to the bankruptcy estate. Barnwell Coal appears to have had an interest adverse to the bankruptcy estate, or at least the question is close enough that the court should not allow nunc pro tunc

appointment of the debtor's attorneys as attorneys for the debtor-in-possession.

Since the court will not order nunc pro tunc appointment, the attorneys cannot be allowed a fee for representing Roaring Creek while it was debtor-in-possession. *In re Triangle Chemicals, Inc.*, 697 F.2d 1280, 10 B.C.D. 325, 8 C.B.C.2d 116 (5th Cir.1983); *Cle-Ware Industries, Inc. v. Sokolsky*, 493 F.2d 863 (6th Cir.1974) cert. den. 419 U.S. 829, 95 S.Ct. 50, 42 L.Ed.2d 53 (1974).

The question remains as to whether the attorneys can be allowed fees for representing Roaring Creek when it was not the debtor-in-possession. Before the case was filed and after it was converted to chapter 7 and a trustee appointed, the attorneys were private attorneys for the debtor. They were not representatives of the bankruptcy estate whose employment was subject to approval by the court.

■■■ An attorney for the debtor is not subject to the restrictions of Bankruptcy Code § 327(a) that apply to attorney's appointed by the court. An attorney for the debtor may represent parties whose interests do not necessarily coincide with the debtor's interests. The court may deny compensation if it finds a violation of professional ethics or may reduce the requested fees if the attorney's multiple representation suggests that he did not represent the debtor as well as he might have. The court, however, is not required to automatically deny the debtor's attorney compensation for services that benefited the estate solely because he represented another party whose interests were not congruent with the debtor's interests. *In re Coastal Equities, Inc.*, 39 B.R. 304 (Bankr.S.D.Calif. 1984); *In re General Coffee Corp.*, 39 B.R. 7 (Bankr.S.D.Fla.1984).

■■■ The court sees nothing in the attorneys' conduct that calls for complete denial of fees for their representation of the debtor. They are, of course, limited by the rule that a debtor's attorney can be paid from the estate only for services that benefited the estate. *In re Rhoten*, 44 B.R. 741 (Bankr.M.D.Tenn.1984). The court will also scrutinize the fee applica-

tions to eliminate work for the benefit of Barnwell Coal Company and the U.K. consortium or its members.

The fees requested for the period up through the day of filing of the bankruptcy petition total $2,830.50. For the period after the case was converted to chapter 7, the fees requested total $865.50. The overall total is $3,696.00. After examining the fee application, the court is of the opinion that $3,000.00 should be allowed. This will eliminate charges for work that was not beneficial to the estate, that was for the benefit of the debtor only, that was for Barnwell Coal Company or the U.K. consortium or its members, that proved to be wasted effort, as in the defense against Pine Tree Farms, or that the court could not determine from the application the purpose of the work.

The court will allow the expenses requested in full.