In re Charles L. HOFFMAN,
Jr., Debtor.

In re L. Craig SHACKELFORD,
Jr., Debtor.

In re CRAIG SHACKELFORD
FARMS, INC., Debtor.

Bankruptcy Nos. ED 85–27M, ED
85–29M and ED 85–30M.

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

Aug. 16, 1985.

Isaac A. Scott, Jr., Little Rock, Ark., for debtor.

Joseph Strode, Pine Bluff, Ark., for Nat. Bank of Commerce.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

The issue before the Court is whether counsel for the debtors have a disqualifying conflict of interest because of their representation of the three debtors. Relevant facts pertaining to each debtor are set out below.

Craig Shackelford Farms, Inc., (Farms, Inc.) is a closely-held corporation which filed for relief under the provisions of Chapter 11. Farms, Inc.'s principal business is farming. The schedules list assets of $790,035.00 and liabilities of $2,906,506.00. Stock in the debtor, Farms, Inc., is owned fifty percent by Charles L. Hoffman, Jr. and fifty percent by L. Craig Shackelford, Jr. Both Messrs. Hoffman and Shackelford are listed as creditors of Farms, Inc. Mr. Hoffman is shown holding a priority claim for wages of $1,838.00, a fixed noncontingent unsecured claim of $238,677.00 and a contingent claim jointly with Mr. Shackelford of $1,150,105.00. Mr. Shackelford is shown as holding a fixed noncontingent unsecured claim of $327,274.00 and holding a contingent unsecured claim with Mr. Hoffman of $1,150,105.00.

L. Craig Shackelford, Jr. is himself a Chapter 11 debtor-in-possession, having filed a voluntary petition for relief on March 28, 1985. Schedules filed in this case reflect assets of $68,083.00 and liabilities of $3,463,976.00. Creditors of Farms, Inc., and L. Craig Shackelford, Jr. are different, although some creditors have overlapping claims. The claim of L. Craig Shackelford, Jr. against Farms, Inc., is not shown as an asset of the former estate, although the claim involves a significant amount of money and should be listed on the schedules.

Charles L. Hoffman, Jr. is a debtor in a pending Chapter 7 case. Honorable Wm.

Randal Wright is the duly appointed and acting trustee in this case.

The law firm of Wright, Lindsey & Jennings (WL & J), represented all three debtors prepetition. Acting on behalf of each debtor, WL & J filed the respective petitions and schedules. WL & J in each case also applied for and obtained authority of the Bankruptcy Court *ex parte* to represent each of the debtors postpetition. This Court routinely approves employment requests in this fashion. The Order authorizing employment in each case was entered on March 28, 1985.

On April 3, 1985, National Bank of Commerce filed a written objection to the representation of each debtor by the firm of WL & J. National Bank of Commerce argues that counsel cannot represent these debtors because the debtors' interrelationship creates an inherent adverse interest which counsel cannot simultaneously represent.

■ In the Charles L. Hoffman, Jr. case the motion for disqualification is denied. All of the parties have overlooked the fundamental difference between the status of a debtor in a Chapter 7 case and a debtor-in-possession in a Chapter 11 case. Since this is a Chapter 7 case, WL & J can represent an interest adverse to the estate because they do not represent the estate. WL & J need not be disinterested, nor do they need court approval to represent the debtor. *In re Roberts*, 46 B.R. 815 (Bkrtcy.D.Utah 1985); *In re Coastal Equities, Inc.*, 39 B.R. 304 (Bkrtcy.S.D.Cal. 1984); 2 *Collier on Bankruptcy* ¶ 327.07 (15th ed. 1984).

11 U.S.C. § 327 governs the qualifications for attorneys employed by a debtor-in-possession in a Chapter 11 case. Section 327 provides generally that the debtor-in-possession [1] may employ attorneys who do not represent interests adverse to the estate. Where the debtor-in-possession is a corporation, as in this case, the attorneys' duties and loyalties are to the corporation and not to individual employees, officers or

directors of the corporation. *In re WPMK, Inc.*, 42 B.R. 157 (Bkrtcy.D. Hawaii 1984).

11 U.S.C. § 327(c), which governed cases prior to October 8, 1984, formerly provided:

> In a case under chapter 7 or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, but may not, while employed by the trustee, represent, in connection with the case, a creditor.

Section 327(c) was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 which governs this case and now provides:

> In a case under chaper 7 or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor, in which case the court shall disapprove such employment if there is an actual conflict of interest.

Most of the cases which have addressed the issue of conflict of interest analyzed the issue under the provisions of the old law, but addressed the issue concerning whether an actual conflict existed. Whether or not there is a disqualifying conflict of interest remains the issue in this case pursuant to amended Section 327(c).

In the case of *In re Roberts*, 46 B.R. at 826, 827, the Court stated:

> To "hold an adverse interest" means for two or more entities (1) to possess or assert mutually exclusive claims to the same economic interest, thus creating either an actual or potential dispute between the rival claimants as to which, if any, of them the disputed right or title to the interest in question attaches under valid and applicable law; or (2) to possess a predisposition or interest under circumstances that render such a bias in favor of or against one of the entities.

*In re UNR Industries, Inc.*, 30 B.R. 609 (Bkrtcy. N.D.Ill.E.D.1983); *In re Roberts*, 46 B.R. at 821.

---

**1.** The Bankruptcy Code speaks in terms of a trustee, but in a Chapter 11 case the debtor-in-possession has all of the duties of a trustee. *See*

To "represent an adverse interest" means to serve as agent or attorney for any individual or entity holding such an adverse interest.

In a Chapter 11 case a debtor-in-possession is an entity distinct from the debtor. *In re General Coffee Corp.*, 32 B.R. 23 (Bkrtcy. S.D.Fla.1983). An attorney should not place himself in a position where he may be required to choose between conflicting duties. *Woods v. City National Bank*, 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820 (1941).

The creditors in each case have an interest in being paid. Where one estate is indebted to the other, there exist two groups of creditors which have conflicting claims and payment for one group is necessarily at the expense of the other. If counsel were allowed to simultaneously represent both estates, they would have to function as the proponent of the plan in the corporate case and simultaneously pass on the merits of their own plan and of the repayment possibilities on behalf of the estate in Mr. Shackelford's individual case.

A further illustration of the conflict is the suggestion by the debtor-in-possession in his brief that as debtor-in-possession in his individual case he would be willing to subordinate his claim in the corporate case. For this to be accomplished the creditors of the corporate estate would benefit while creditors of the individual estate would suffer detriment in the reverse degree. Thus, if the same attorney represents both estates, he is faced with the dilemma of advising his clients to choose between conflicting duties which are as president of the corporation and as a fiduciary for the individual estate.

Despite counsel's good faith or the existence of a benevolent attitude on the part of Mr. Shackelford, an inherent conflict of interest exists here. In a Chapter 11 case if the same counsel simultaneously represent a Chapter 11 corporate debtor in possession, and an individual equity security holder who is also a debtor-in-possession and who is also a creditor of the debtor corporation in a pending Chapter 11 case, a conflict of interest exists. *In re Roberts,* 46 B.R. at 815; *In re Sambo's Restaurants, Inc.,* 20 B.R. 295 (Bkrtcy.C.D.Cal. 1982); *In re Chou-Chen Chemicals, Inc.,* 31 B.R. 842 (Bkrtcy.W.D.Ky.1983); *In re Watson Seafood & Poultry Co., Inc.,* 40 B.R. 436 (Bkrtcy.E.D.N.C.1984); *In re 765 Associates,* 14 B.R. 449 (Bkrtcy.D. Hawaii 1981); *Matter of King Resources Co.,* 20 B.R. 191 (D.Colo.1982); *In re Paine,* 14 B.R. 272 (W.D.Mich., S.D.1981); *In re WPMK, Inc.,* 42 B.R. at 157.

Some courts have declined to find a conflict of interest where counsel engage in this type of dual representation. However, there are generally distinguishing overriding considerations and factual differences involved. These cases are complicated and involve multiple business entities which are owned by a single entity and which the Court finds are impractical to untangle without unreasonable delay and expense. *See In re O.P.M. Leasing Services, Inc.,* 16 B.R. 932 (Bkrtcy. S.D.N.Y. 1982); *In re Iorizzo,* 35 B.R. 465 (Bkrtcy. E.D.N.Y., at Westbury 1983). These factors are not present in this case.

The Court is not deciding that a disqualifying conflict necessarily exists in every case if the same counsel represent the corporate Chapter 11 debtor and its individual equity security holders. In this District this is a common factual situation and it would be unreasonable and unnecessarily cumbersome to always require different counsel. *See in re Guy Apple Masonry Contractor, Inc.,* 45 B.R. 160 (Bkrtcy.D. Ariz.1984). Whether such an actual disqualifying conflict exists must be considered in light of the particular facts of each case.

Under the circumstances of this case, counsel cannot represent both estates. Counsel are granted twenty days from the entry of this Order in which to elect which of the two Chapter 11 estates they will continue to represent. The debtor-in-possession in the remaining estate shall promptly notify the Court of the name and address of new counsel.

IT IS SO ORDERED.