**In re David S. HUDDLESTON, Debtor.**

**In re SCOTT HUDDLESTON COMPANY, INC., Debtor.**

**Nos. 90–60741–S, 90–60742–S.**

United States Bankruptcy Court, E.D. Texas, Tyler Division.

Sept. 28, 1990.

**400**

Bill Parker, Asst. U.S. Trustee, Tyler, Tex., for respondent/trustee.

William Sheehy, Wilson, Sheehy, Knowles, Robertson & Cornelius, Tyler, Tex., for movant/debtor.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

This matter came on for consideration of two Applications for Approval of Employment of Attorneys pursuant to a regularly scheduled hearing of August 15, 1990. While the Applications to Employ arise in two separate cases, the Court has consolidated these applications for purposes of this hearing only due to a commonality of the factual basis. This opinion constitutes findings of act and conclusions of law in accordance with Bankruptcy Rule of Procedure 7052 and disposes of the issues presented to the Court.

## FACTUAL BACKGROUND

The issue presented to this Court is rather clear—can an attorney within the dictates of the Bankruptcy Code represent a debtor-in-possession corporation as well as its debtor-in-possession sole shareholder?

On May 15, 1990, Scott Huddleston Company, Inc., filed for protection under Chapter 11 of the Bankruptcy Code. On the same day as the corporate filing, David S. Huddleston, the sole shareholder of the Scott Huddleston Company similarly filed for protection under Chapter 11 of the Bankruptcy Code.

On June 20, 1990, both Scott Huddleston Company, Inc., and David S. Huddleston, Individually, filed an Application for Approval of Employment of the same firm and in particular the same partner of that firm (hereinafter "counsel"). In response to both applications, the United States Trustee filed objections.

The thrust of the United States Trustee's objections concerns the appropriateness of an attorney representing a corporate debtor-in-possession as well as a sole stockholder of that debtor-in-possession who is also a debtor-in-possession. The schedule A–1s of both debtors-in-possession have scheduled a $155,443.22 debt to the Internal Revenue Service as well as a $10,000.00 debt to the Texas Employment Commission. The United States Trustee maintains that a potential for conflict of interest exists due to the mutuality of these debts. Furthermore, the United States Trustee objects to the failure of Counsel to disclose in his affidavit of disinterestedness the relationship between the two debtors-in-possession as required by Bankruptcy Rule of Procedure 2014(a).

## DISCUSSION OF LAW

■ The first issue the Court wishes to address is the failure of Counsel to comply with the disclosure requirements of Bankruptcy Rule of Procedure 2014(a) in disclosing the relationships between the two debtors-in-possession he was seeking to represent. The mandatory nature of full and complete disclosure of an attorney's affiliation with all parties in interest is beyond question. Bankruptcy Rule of Procedure 2014(a) requires that all applications for employment shall state

"to the best of the applicant's knowledge, all of the persons connections with the Debtor, Creditors or any other party in interest, their respective attorneys and accountants. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the Debtor, Creditor or any other party in interest, their respective attorneys and accountants."

The case law is clear that the burden of disclosure is upon "the person making the statement to come forward with facts pertinent to eligibility and to make, candid and

complete disclosure." *In re: Peoples Sav. Corp.* 114 B.R. 151, 154 (Bkrtcy.N.D.Ill. 1990); *In re: Plaza Hotel Corp.* 111 B.R. 882, 883 (Bkrtcy.E.D.Cal.1990).

At the regularly scheduled hearing, it was clear to this Court that Counsel resented the Court's questioning concerning the lack of disclosure of this potential conflict in the employment applications. Much of Counsel's displeasure was directed at the United States Trustee for bringing this lack of disclosure to the attention of the Court. Counsel has appeared before this Court on numerous occasions and his integrity is unquestioned by this Court. However, this Court is unable to share Counsel's position that *his* conclusion that no conflict exists between the two debtors-in-possession somehow negated his obligation to allow the Court to make that determination de novo. As stated by the court in *In re: Lee,* 94 B.R. 172, 176 (Bkrtcy.C.D.Cal. 1988), the purpose of such disclosure is to permit the court and parties in interest to determine whether the connection disqualifies the applicant from the employment sought or whether further inquiries should be made before deciding whether to approve the employment. The *Lee* Court emphasized that "this decision should not be left to counsel, whose judgment may be clouded by the benefits of the potential employment." *Id.* at 176. While this Court is not casting any aspersions on Counsel's motives, it cannot condone as acceptable the rationale for the nondisclosure of the relationship between the two debtors-in-possession. It was the United States Trustee's duty to bring this lack of disclosure to the Court's attention and for this the United States Trustee is to be commended. To conclude the Court's discussion of this issue, the Court would cite again to the case of *In re: Lee,* 94 B.R. 172, 177 (Bkrtcy.C.D.Cal.1988) where the Court held that a failure to disclose the employment application in a related case is alone a sufficient basis for disqualifying counsel in both cases. Suffice it to say, the Court will not impose such a draconian measure in the cases at hand but would admonish Counsel that the Court reserves the option to exercise this penalty should this issue appear in future cases.

The main issue for consideration by this Court is whether an attorney can represent a debtor-in-possession corporation as well as the sole shareholder of said corporation who is also a debtor-in-possession. The Bankruptcy Code conditions employment of professional persons upon the condition that they "do not hold or represent an interest adverse to the estate, and that they are disinterested persons." 11 U.S.C. § 327(a). It is the contention of the United States Trustee that due to the existence of the mutual debts to the Internal Revenue Service and the Texas Employment Commission that such a potential for conflict of interest exists that Counsel should only be allowed to represent one party. Counsel vociferously denies that any potential conflict of interest exists. He maintains that given the "mom and pop nature" of the closely held corporation that a severe injustice would occur if both debtors-in-possession were required to obtain separate counsel. The nature of the injustice being that the parties would be unable to afford separate counsel.

Before resolving the issue at hand, the Court believes that a brief review of the relevant case law on this issue is in order. The issue of whether one servant can serve two masters has been addressed numerous times in the case law. In the celebrated case of *In re: Kendavis Industries Inter., Inc.,* 91 B.R. 742 (Bkrtcy.N.D.Tex.1988) Judge Harold C. Abramson, in a powerful opinion, ordered a fifty (50%) percent reduction of substantial fees to counsel for Debtor due to a problem of conflict of interest. In *Kendavis,* the Court found that representation by an attorney of the debtor-in-possession as well as majority stockholders resulted in an impermissible conflict of interest to the detriment of the debtor-in-possession. Citing the *Kendavis* case, the Fifth Circuit Court of Appeals in 1990 in the case of *In re: W.F. Development Corp.* 905 F.2d 883 (5th Cir.1990) held that when one attorney represents both limited and general partners in bankruptcy, there will always be a potential for conflict, and disqualification as proper.

The Fifth Circuit adopted this as a clear rule. *Id.* at 884. However, this Court views the *W.F. Development Corp.* case as instructive rather than dispositive due to the fact scenario. Thus far, the Fifth Circuit Court of Appeals has not addressed the issue presently before this Court.

However, several other courts, faced with this issue, have tailored their holdings to the particular facts of the case. In *Roger J. Au and Son, Inc. v. Aetna Ins. Co.* 64 B.R. 600 (Bkrtcy.N.D.Ohio 1986) the Court was faced with a scenario in which an attorney represented both the debtor-in-possession as well as an individual who was a potential debtor of the debtor-in-possession. While recognizing that the Bankruptcy Code did not prohibit simultaneous representation of the Corporation and its officers, shareholders or directors, the Court found an actual potential conflict of interest and accordingly disqualified counsel from representation. *Id.* at 605. In *In re: Hoffman* 53 B.R. 564 (Bkrtcy.W.D.Ark. 1985) the Court found an impermissible conflict of interest under the facts in which the same counsel simultaneously represented a Chapter 11 corporate debtor-in-possession as well as an individual equity security holder who was also a debtor-in-possession and a creditor of the debtor corporation. However, while finding a conflict in the existing case, the Court muted its holding by stating that "the Court is not deciding that a disqualifying conflict necessarily exists in every case if the same counsel represents the corporate Chapter 11 Debtor and its individual equity security holders." *Id.* at 566. In so holding, the Court recognized that this type of scenario "is a common factual situation and it would be unreasonable and unnecessarily cumbersome to always require different counsel." *Id.* at 566. Finally, the Court concluded by holding that "whether such an actual disqualifying conflict exists must be considered in light of the particular facts of each case." *Id.* at 566.

On the other hand, other cases have been less reticent in sanctioning dual representation of corporate debtors-in-possession as well as the sole debtor-in-possession shareholder of said corporation. In so holding,

the Court in *In re: Hurst Lincoln Mercury, Inc.* 80 B.R. 894, 895 (Bkrtcy.S.D.Ohio 1987) stated that "it is fundamental that simultaneous representation of a corporation and its sole stockholder is not in and of itself improper." Furthermore, the Court in *In re: O'Connor* 52 B.R. 892 (Bkrtcy.W. D.Okl.1985), when faced with a similar factual situation, recognized that the dual representation of an individual debtor and the corporation of which the individual debtor is its sole or major stockholder

"is a circumstance which has occurred before in this district in a bankruptcy proceeding, albeit heretofore without objection. Most often times it has occurred in the representation of an individual involved in the oil and gas industry who has formed a solely owned corporation or one in which the individual is the controlling stockholder. As a result of machinations indigenous to the particular individual, from the perspective of savings to the respective estates through curtailment of administrative fees, i.e. legal fees, it is advantageous that the same attorney, or firm, attempt to unravel the Gordian knot constructed by the Debtor."

*Id.* at 895. The *O'Connor* court suggested that "disqualification should be mandated when an actual, as opposed to hypothetical or theoretical, conflict is present." *Id.* at 897. Finding no actual conflict, the Court allowed dual representation of the parties by counsel.

After reviewing the relevant case law, this Court is convinced that no clear rule exists to per se prohibit the representation, by the same attorney, of a debtor-in-possession corporation as well as its sole or majority shareholder who also happens to be a debtor-in-possession. The Court is convinced that determinations of impermissible conflicts of interest are to be made on a case-by-case basis and not on the basis of the relationship between the parties, excepting of course dual representation of general and limited partners in bankruptcy. In the case at hand, the Court finds that the relationship between the two debtors-in-possession does not in and of itself re-

quire a partial or total disqualification of counsel.

 The Court's holding that disqualification is improper in this case rests on several considerations. First, the Court recognizes what Counsel referred to as the "mom and pop nature" of the relationship between the corporate debtor-in-possession and the individual debtor-in-possession. The Court found Counsel's arguments about the necessity for joint representation to be compelling under the facts. Second, the Court was not convinced that the dual nature of the debts necessarily resulted in an actual conflict of interest. Third, the Court placed great weight on Counsel's acknowledgment of the fee disgorgement provisions of 11 U.S.C. § 328(c) and his promise to the Court that he will voluntarily disgorge any fees upon a subsequent finding by this Court that a conflict of interest exists between the two debtors-in-possession. It is only fair to note that this Court will not hesitate to order a disgorgement of any fees or refuse to approve payment of fees should an actual rather than potential conflict be demonstrated. It is so ORDERED.